

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 2, 1962

Honorable W. G. Walley, Jr.　　　　　　Opinion No. WW-1325
Acting Criminal District Attorney
Jefferson County Courthouse　　　　　Re: Proper disposition of
Beaumont, Texas　　　　　　　　　　　　　irregular ballots cast
　　　　　　　　　　　　　　　　　　　　in counties using voting
　　　　　　　　　　　　　　　　　　　　machines, under Sections
　　　　　　　　　　　　　　　　　　　　16, 18 and 20, Art. 7.14,
Dear Mr. Walley:　　　　　　　　　　　　Texas Election Code.

You have asked the following question:

> "We desire an opinion from your office
> on the proper disposition of irregular
> or paper roll ballots located on voting
> machines. In our minds, there appears to
> be a conflict in the statutes.
>
> " . . .
>
> "Section 18 /of Art. 7.14, Election Code7
> requires that the irregular ballots be filed
> with the canvass while Section 20 states that
> they shall be preserved in the same manner
> and for the same length of time as other
> ballots. . . ."

Art. 7.14, Texas Election Code, provides in part as
follows:

> "Sec. 16. Ballots voted for any person
> whose name does not appear on the ballot shall
> be designated 'irregular' ballots, but such
> ballots shall be valid and shall be counted
> as though they had been voted on the voting
> machines. Should a voter desire to vote for
> some person for an office whose name does
> not appear on the ballot, such person shall
> write the name of the person for whom he desires
> to vote on the roll of paper provided and
> designated for such purposes and such ballot
> shall be counted and included in the canvass
> officially made from that precinct, but no
> irregular ballot shall be cast or counted for
> any person whose name shall appear on the voting
> machine.

"...

"Sec. 18. . . Irregular ballots, properly
sealed and signed, shall be filed with the
original statement of canvass, which canvass
shall be delivered in the same manner and to
the same authorities as now provided by law.
. . .

"...

"Sec. 20. . . Irregular ballots shall be
preserved in the same manner and for the
same length of time now provided by law for
other ballots."

We interpret this last sentence under Sec. 20, Art. 7.14,
Election Code, which refers to "other ballots," to mean the
same as other paper ballots.

With reference to the disposition of paper ballots, cast
in a general or special election, Art. 8.32, Election Code
states:

"Immediately after counting votes by
the managers of the election, the presiding
officer shall place all the ballots voted,
. . ., into a wooden or metallic box, and
shall securely fasten the box with nails,
screws, or locks,. . ., and he shall im-
mediately, . . ., deliver said box to the
county clerk of his county whose duty it
shall be to keep the same securely. . . ."

Art. 13.23, Election Code, has a similar provision with
respect to delivering the ballots and ballot boxes to the County
Clerk, in the case of primary elections.

With reference to the length of time the clerk shall keep
the ballots, if they were cast in a general or special election,
Art. 8.32, Election Code provides:

". . . If no contest arose out of the
election within six (6) months after the
day of such election, said clerk shall des-
troy the contents of said ballot box by
burning the same."

Concerning the length of time the clerk shall keep the
ballots, if they were cast in a primary election, Art. 13.28,
Election Code, provides:

"Ballot boxes, after being used in
the primary elections, shall be returned
to the County Clerks as provided in Section
201 /Art. 13.23, Election Code7 of this
Act, and unless there be a contest for a
nomination in which fraud or illegality
is charged, they shall be unlocked and
unsealed by the County Clerk and their
contents destroyed by the County Clerk and
the County Judge without examination of any
ballot at the expiration of sixty (60) days
after such primary election.  Provided that
the District Judge, upon his own motion, or
upon the request of the County or District
Attorney, may, by an order entered on the
minutes of the District Court, defer the
destruction of the contents of such ballot
boxes for a period not to exceed twelve
(12) months after such primary election."

Section 18, Art. 7.14, Election Code, states that the
irregular ballots shall be filed with the original statement
of canvass.  The "statement of canvass" used in connection with
voting machine results is the same instrument or document called
a "return" in connection with the results of an election where
paper ballots are used.  Art. 8.29, Election Code, provides in
part as follows:

"When the ballots have all been counted
the managers of the election in person shall
make out triplicate returns of the same
certified to be correct, and signed by them
officially, showing:  First, the total number
of votes polled at such box; second, the
number polled for each candidate; one of
which returns, . . . shall be . . . delivered
. . . to the county judge of the county;
another of said returns, . . ., shall be
delivered. . . to the county clerk of the
county. . .; and the other of said returns,
shall be kept by the presiding officer of
the election for twelve (12) months from
the day of the election. . . ."

Art. 13.24, Election Code, has a similar provision with
respect to the filing of the returns in the case of primary
elections, except that the three copies of the returns are
distributed as follows:  one copy to the County Chairman, one
copy to the County Clerk, and one copy sealed up in the ballot
box with the ballots.  While the disposition of two of the copies

of the returns varies, depending on the type of the election (for instance, the county judge gets a copy in the case of a general or special election, while it is the county chairman who receives the copy in the case of a primary election), yet the County Clerk always gets a copy in every case. Neither Art. 8.29 nor Art. 13.24 attempts to designate the various copies of the returns as "original", "duplicate," or "triplicate," except to say that the return shall be prepared in triplicate, which means three copies. Sec. 18, Art. 7.14 provides that the irregular ballots shall be filed with the "original" statement of canvass. Which one of the copies of the returns or statement of canvass is the original? The statute does not say, but in the case of paper ballots, Arts. 8.32 and 13.28, Election Code, provide that such paper ballots are delivered to and kept by the County Clerk. The County Clerk is the proper custodian of paper ballots, and these irregular ballots cast in connection with voting machine elections should be treated as "other ballots." Therefore, we hold that the irregular ballots cast in a voting precinct which uses voting machines, "properly sealed and signed", should be delivered to the County Clerk together with the copy of the statement of the canvass for such precinct which is filed with the Clerk. The Clerk shall keep the ballots for the length of time provided in Art. 8.32, Election Code, in the case of general or special elections, and as provided in Art. 13.28, in the case of primary elections.

## SUMMARY

Irregular ballots, as defined in Sec. 16, Art. 7.14, Election Code, shall be delivered with a copy of the statement of canvass to the County Clerk, as provided in Sec. 18, Art. 7.14, Election Code.

Such irregular ballots shall be preserved by the County Clerk for the length of time provided in Art. 8.32, Election Code, in the case of general or special elections, and for the length of time provided in Art. 13.28, Election Code, in the case of primary elections.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Riley Eugene Fletcher
Riley Eugene Fletcher
Assistant

REF/cm

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Marietta McGregor Payne
Henry Braswell
J. C. Davis
F. C. Jack Goodman

REVIEWED FOR THE ATTORNEY GENERAL
By:  Houghton Brownlee, Jr.